IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **BARRY J. BLEVINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 3:09-00396** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By Order entered May 4, 2010 (Document No. 13.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' cross-Motions for Judgment on the Pleadings. (Document Nos. 11 and 12.)

The Plaintiff, Barr J. Blevins, (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on April 12, 2005 (protective filing date), alleging disability as of February 18, 2005, due to injuries related to a gunshot wound to the chest. (Tr. at 21, 84, 90, 94.) The claims were denied initially and upon reconsideration. (Tr. at 54-57, 62-64, 426-28, 432-34.) On December 22, 2005, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 65.) The hearing was held on January 26, 2007, before the Honorable Charlie Paul Andrus. (Tr. at 492-512.) By decision dated June 28, 2007, the ALJ determined that Claimant was not entitled to benefits. (Tr. at

21-35.) The ALJ's decision became the final decision of the Commissioner on February 17, 2009, when the Appeals Council denied Claimant's request for review. (Tr. at 5-8.) Claimant filed the present action seeking judicial review of the administrative decision on April 21, 2009, pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2007). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.

20 C.F.R. §§ 404.1520(f), 416.920(f) (2007). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date, February 18, 2005. (Tr. at 23, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from "degenerative joint disease of the bilateral hips (status/post-total right hip arthroplasty), anxiety, and depression," which were severe impairments. (Tr. at 23, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 25, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform sedentary level work as follows:

> [C]laimant has both physical and mental limitations (Exhibits 26F and 27F). As assessed by Dr. Frederick, I find that the [C]laimant has the residual functional capacity which renders him with fair ability (defined as limited but satisfactory) to relate to co-workers and deal with work stresses, and poor ability (defined as seriously limited but not precluded) to deal with the public (Exhibit 26F). Physically, as assessed by Dr. Scott, I find that the [C]laimant has the residual functional capacity which limits him to lifting, at maximum, twenty pounds and "very little" frequently, stand and walk a total of three hours per day at one-half intervals, and sit a total of six hours in an eight-hour day (Exhibit 27F). He can only occasionally climb, balance, stoop, crouch, or crawl and cannot work at heights or around open dangerous machinery (Id.).

(Tr. at 27, Finding No. 5.) At step four, the ALJ found that Claimant could not return to his past relevant work. (Tr. at 32, Finding No. 6.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as a office helper, packer, and mail sorter at the light exertional level; and bench worker, and surveillance monitor, at the sedentary level of exertion. (Tr. at 33-34, Finding No. 10.) On this basis, benefits were denied. (Tr. at 34, Finding No. 11.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on September 23, 1963, and was 43 years old at the time of the administrative hearing, January 26, 2007. (Tr. at 33, 84.) Claimant had a high school education and three years of college, and was able to communicate in English. (Tr. at 33, 99-100.) In the past, he worked as a truck driver and plumber. (Tr. at 33, 94-96.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below in relation to Claimant's arguments.

4

Claimant's Challenges to the Commissioner's Decision

Claimant alleges that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in posing a hypothetical question to the VE and failed to explain why he rejected the psychological limitations assessed by the non-examining state agency expert. (Document No. 11 at 7-9.) Specifically, he asserts that the ALJ misread Dr. Scott's opinion. (Id. at 7-8.) Claimant asserts that Dr. Scott did not indicate that Claimant could frequently lift and carry very little as the ALJ determined. (Id. at 8.) Rather, Dr. Scott indicated that Claimant could only occasionally lift and carry very little. (Id.) Additionally, Claimant notes that Dr. Scott indicated that Claimant walked with a cane and a limp, which limitations were not included in the ALJ's hypothetical question. (Id.) Claimant further alleges that the ALJ failed to consider the limitations of the non-examining state agency expert, Dr. Kuzniar, regarding his mental RFC. (Id.)

In response, the Commissioner contends that with the exception of one infection, the evidence demonstrated that Claimant recovered from his gunshot wound. (Document No. 12 at 12-13.) The Commissioner asserts that because Dr. Scott did not indicate the frequency with which Claimant could lift and carry 20 pounds, "the ALJ reasonably interpreted Dr. Scott's response to mean that [Claimant] could lift and/or carry a maximum of 20 pounds occasionally, and less (a.k.a. "very little") on a frequent basis." (Id. at 13.) Though Dr. Scott mentioned use of a cane, the Commissioner asserts that he did not assess any limitations resulting from its use. (Id.)

Regarding Claimant's mental impairments, the Commissioner asserts that the ALJ's hypothetical question accounted for all of Claimant's mental functional limitations supported by the record. (Id. at 14.) Contrary to Claimant's allegation, the Commissioner asserts that the ALJ considered the limitations assessed by Dr. Kuzniar, and adopted his and Dr. Todd's findings that Claimant was moderately limited regarding his activities of daily living and social functioning. (Id. at 14-15.) The Commissioner further asserts that the ALJ accommodated Dr. Kuzniar's restriction

5

to one to three step instruction within a work setting with low social interaction demands when he found that Claimant was seriously limited, but not precluded in his ability to deal with the public. (Id. at 15.) Finally, the Commissioner points out that Dr. Kuzniar's assessment was rendered two years prior to the ALJ's decision and was made without the benefit of subsequent evidence, which demonstrated improvement in mental functioning. (Id. at 15-16.)

Analysis.

      To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular claimant's impairments and abilities – presumably, he must study the evidence of record to reach the necessary level of familiarity." Id. at 51. Nevertheless, while questions posed to the vocational expert must fairly set out all of claimant's impairments, the questions need only reflect those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Additionally, the hypothetical question may omit non-severe impairments, but must include those which the ALJ finds to be severe. See Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

      On March 19, 2007, Dr. Scott completed a form Medical Assessment of Ability to Do Work-Related Activities (Physical), on which he indicated that Claimant's ability to lift/carry was affected by his impairments. (Tr. at 414.) He indicated that Claimant could lift and/or carry 20 pounds and "Maximum occasionally (from very little up to 1/3 of an 8-hour day)" very little. (Id.) The ALJ interpreted Dr. Scott's response to mean that Claimant could lift and/or carry a maximum of 20 pounds occasionally, and less than 20 pounds, or very little, on a frequent basis. In the absence of any frequency limitation specified, the undersigned finds that the ALJ's interpretation of Dr. Scott's

limitations is reasonable. As the Commissioner notes, though Dr. Scott mentioned Claimant's use of a cane (Tr. at 416.), he did not assess any additional limitations resulting from this use. It was reasonable for the ALJ to assume that Dr. Scott included all limitations in his assessment, and simply mentioned his cane use in the comment section. The ALJ incorporated the remaining limitations as assessed by Dr. Scott in his hypothetical question, and therefore, the undersigned finds that Claimant's allegation in this regard is without merit.

Claimant further contends that the ALJ failed to incorporate the mental limitations assessed by Dr. Kuzniar in his hypothetical question posed to the VE. In a form Mental RFC Assessment dated June 26, 2005, Dr. Kuzniar opined that Claimant was moderately limited in his ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted by them; get along with co-workers or peers without distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. at 273-74.) Dr. Kuzniar further opined that Claimant retained the capacity to "understand, remember, and carry out at least 1-3 step instructions within a low social interaction demand work setting." (Tr. at 275.)

In his decision, the ALJ specifically acknowledged the psychological state agency medical source opinions, at least their Psychiatric Review Technique forms. (Tr. at 26.) In assessing Claimant's mental RFC, the ALJ, as discussed above, found that Claimant had a fair ability to relate to co-workers and deal with work stresses and poor ability to deal with the public. (Tr. at 27.) In posing hypothetical questions to the VE, the ALJ specifically referenced Dr. Kuzniar's moderate

limitations as contained in Exhibit 7F. (Tr. at 506.) Accordingly, the undersigned finds that contrary to Claimant's assertion, the ALJ included all of Dr. Kuzniar's limitations in his hypothetical question to the VE. To the extent that Claimant alleges the ALJ failed to incorporate all the mental limitations in his mental RFC assessment, the undersigned further finds that Claimant's argument is without merit. Though the ALJ did not delineate each specific limitation in his decision, he essentially incorporated them all by limiting his ability to relate to co-workers and work stresses, as well as dealing with the public. As the Commissioner points out, Claimant's mental condition improved following Dr. Kuzniar's assessment, and on July 10, 2006, it was reported that Claimant had "made a lot of progress in terms of stabilizing of mood and reducing anxiety symptoms." (Tr. at 381.) On February 27, 2007, Claimant's mental status exam was within normal limits and his prognosis by Dr. David E. Frederick, Ph.D., was that he was "mentally good." (Tr. at 402-06.) Accordingly, the undersigned finds that it was reasonable for the ALJ not to incorporate each and every mental limitation assessed by Dr. Kuzniar, as the evidence demonstrated improvement in his mental condition.

Accordingly, the undersigned finds that the ALJ included in the hypothetical questions to the VE all the limitations supported by the evidence of record and as he assessed in Claimant's RFC. Accordingly, the undersigned finds that the ALJ's hypothetical questions were supported by substantial evidence of record.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **DENY** the Plaintiff's Motion for Judgment on the Pleadings (Document No. 11.), **GRANT** the Defendant's Motion for Judgment on the Pleadings (Document No. 12.), **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

DATE: September 7, 2010.

R. Clarke VanDervort
United States Magistrate Judge